Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
ZACHARIA MATHESON

**UNITED STATES DISTRICT COURT,**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| ZACHARIA MATHESON, ) | Case No.: |
| ) | |
| Plaintiff, ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| v. ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| INVESTMENT RETRIEVERS, ) | |
| ) | |
| Defendant. ) | |

## **PLAINTIFF'S COMPLAINT**

ZACHARIA MATHESON (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against INVESTMENT RETRIEVERS (Defendant):

## **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Arizona, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

**PARTIES**

6. Plaintiff is a natural person residing in Tucson, Pima County, Arizona.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency with his headquarters located in in New Orleans, Orleans County, Louisiana.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt (See Exhibit A).

12. Defendant calls Plaintiff up to four times a day (See Exhibit A).

13. Defendant calls from 1-888-610-4701 and from a number that appears on the caller ID as 000-000-0000.

14. Defendant calls Plaintiff at 520-730-4169.

15. Defendant calls Plaintiff and fails to state that the calls are from Investment Retrievers.

16. Defendant calls and hangs up without leaving voicemail messages (See Exhibit A).

17. Defendant threatened to file a lawsuit against Plaintiff by informing Plaintiff that he should have his attorney call Defendant.

18. Defendant contacted Plaintiff's mother and revealed Plaintiff's debt (See Exhibit B).

19. Plaintiff would get in a lot of trouble if Plaintiff did not get back to Defendant's

representative.

20. Defendant's representative calls Plaintiff and introduces himself as Mr. Leonage, however, Defendant's representative has used different names in the past, including Leonardo, Lee, Leonid, and Leonard.

20. Defendant failed to provide Plaintiff with a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(b)* by communicating with a third party in connection with the collection of a debt because Defendant contacted Plaintiff's mother.

   b. Defendant violated *§1692c(b)(1)* of the FDCPA by calling Plaintiff's mother and failing to identify himself and failing to state that he is confirming or correcting location information concerning Plaintiff.

   c. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, abuse, and oppress the Plaintiff because Defendant constantly and continuously place collections calls to Plaintiff.

   d. Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   e. Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal action against Plaintiff by informing Plaintiff that he should have his attorney call Defendant.

   f. Defendant violated *§1692d(6)* by failing to provide meaningful disclosure of the caller's identity because Defendant does not state the call is from Investment Retrievers.

g. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt because Defendant's representative introduces himself as Mr. Leonage and has used different names in the past including Leonard, Leonardo, Lee, and Leonid.

h. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by informing Plaintiff that he should have his Attorney contact Defendant.

i. Defendant violated Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by telling Plaintiff's mother that her son would be in a lot of trouble if he did not get back to Defendant's representative.

j. Defendant violated *§1692g(a)(1-5)* of the FDCPA by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, ZACHARIA MATHESON, respectfully requests judgment be entered against Defendant, INVESTMENT RETRIEVERS, for the following:

22. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

23. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

24. Actual damages,

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

26. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, ZACHARIA MATHESON, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  December 17, 2009        KROHN & MOSS, LTD.


By:  /s/ Ryan Lee                                    _

Ryan Lee
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, ZACHARIA MATHESON, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ZACHARIA MATHESON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 12/16/09

_____
ZACHARIA MATHESON

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT A**

PLAINTIFF'S COMPLAINT

# CALLS RECEIVED FROM MR. LEONAGE SINCE NOVEMBER 16, 2009

| Date | Time of call | Number called from | Message Left |
|---|---|---|---|
| 12/16/09 | 12:48 pm | UNAVAILABLE | no message |
| 12/15/09 | 6:38 pm | UNAVAILABLE | no message |
| 12/14/09 | 8:12 pm | UNAVAILABLE | no message |
| 12/14/09 | 6:11 pm | 916-914-8851 | "This is a call for Zacharia Matheson. This is Mr. Leonage. I need to speak to you about a very urgent matter. My phone number is 888-610-4701." |
| 12/14/09 | 6:11 pm | UNAVAILABLE | no message |
| 12/14/09 | 8:33 am | UNAVAILABLE | no message |
| 12/13/09 | 8:04 pm | UNAVAILABLE | no message |
| 12/13/09 | 2:11 pm | UNAVAILABLE | no message |
| 12/13/09 | 8:35 am | UNAVAILABLE | no message |
| 12/12/09 | 2:04 pm | UNAVAILABLE | no message |
| 12/12/09 | 10:21 am | UNAVAILABLE | no message |
| 12/11/09 | 1:11 pm | UNAVAILABLE | no message |
| 12/11/09 | 8:17 am | UNAVAILABLE | no message |
| 12/10/09 | 8:22 pm | UNAVAILABLE | no message |
| 12/10/09 | 3:28 pm | UNAVAILABLE | no message |
| 12/10/09 | 8:06 am | UNAVAILABLE | no message |
| 12/9/09 | 8:15 pm | UNAVAILABLE | no message |
| 12/9/09 | 8:56 am | UNAVAILABLE | no message |
| 12/8/09 | 8:24 pm | UNAVAILABLE | no message |
| 12/8/09 | 11:49 am | UN AVAILABLE | no message |

| Date | Time | Number | Message |
|---|---|---|---|
| 12/8/09 | 8:07 am | UNAVAILABLE | no message |
| 12/7/09 | 8:10 pm | UNAVAILABLE | no message |
| 12/7/09 | 4:21 pm | 000-000-0000 | The caller introduced himself as Mr. Leonage. This was the very first time he mentioned that he worked for Investment Retrievers. It also was the first time he was polite on the phone. He actually said "could you please call me?" |
| 12/7/09 | 1:51 pm | UNAVAILABLE | no message |
| 12/7/09 | 8:43 pm | UNAVAILABLE | no message |
| 12/6/09 | 1:35 pm | UNAVAILABLE | no message |
| 12/6/09 | 8:31 am | UNAVAILABLE | no message |
| 12/5/09 | 12:08 pm | UNAVAILABLE | no message |
| 12/5/09 | 8:03 am | UNAVAILABLE | no message |
| 12/4/09 | 3:57 pm | UNAVAILABLE | no message |
| 12/4/09 | 10:21 am | UNAVAILABLE | no message |
| 12/3/09 | 8:07 pm | UNAVAILABLE | no message |
| 12/3/09 | 2:08 pm | UNAVAILABLE | no message |
| 12/3/09 | 8:16 am | UNAVAILABLE | no message |
| 12/2/09 | 8:44 pm | UNAVAILABLE | no message |
| 12/2/09 | 12:08 pm | UNAVAILABLE | no message |
| 12/1/09 | 8:13 pm | UNAVAILABLE | no message |
| 12/1/09 | 11:33 am | 000-000-0000 | He said this was a message for Zacharia Matheson. He introduced himself as Mr. Leonage and said that I "really needed" to call him. |
| 12/1/09 | 8:52 am | UNAVAILABLE | no message |
| 11/30/09 | 3:46 pm | UNAVAILABLE | no message |

| Date | Time | Caller | Message |
|---|---|---|---|
| 11/30/09 | 8:16 am | UNAVAILABLE | no message |
| 11/29/09 | 8:20 pm | UNAVAILABLE | no message |
| 11/29/09 | 11:44 am | UNAVAILABLE | no message |
| 11/29/09 | 8:22 am | UNAVAILABLE | no message |
| 11/28/09 | 1:51 pm | UNAVAILABLE | no message |
| 11/28/09 | 8:55 am | UNAVAILABLE | no message |
| 1127/09 | 8:55 am | UNAVAILABLE | no message |
| 11/25/09 | 9:27 am | UNAVAILABLE | no message |
| 11/24/09 | 8:09 pm | UNAVAILABLE | no message |
| 11/24/09 | 12:01 pm | UNAVAILABLE | no message |
| 11/24/09 | 8:14 am | UNAVAILABLE | no message |
| 11/23/09 | 8:20 pm | UNAVAILABLE | no message |
| 11/23/09 | 1:19 pm | UNAVAILABLE | no message |
| 11/23/09 | 8:25 am | UNAVAILABLE | no message |
| 11/22/09 | 8:19 pm | UNAVAILABLE | no message |
| 11/22/09 | 4:38 pm | UNAVAILABLE | no message |
| 11/22/09 | 12:06 pm | UNAVAILABLE | no message |
| 11/22/09 | 8:34 pm | UNAVAILABLE | "This is Mr. Leonage calling for Zack Matheson. It is very important that you return my phone call." |
| 11/21/09 | 11:40 am | UNAVAILABLE | no message |
| 11/21/09 | 9:20 am | UNAVAILABLE | no message |
| 11/21/09 | 8:25 am | UNAVAILABLE | no message |
| 11/19/09 | 8:25 am | UNAVAILABLE | no message |
| 11/18/09 | 8:05 pm | UNAVAILABLE | no message |

| Date | Time | Number | Message |
|---|---|---|---|
| 11/18/09 | 6:15 pm | 000-000-0000 | "This is Mr. Leonage calling for Zack Matheson. It is very important that you call me." |
| 11/18/09 | 5:04 pm | UNAVAILABLE | no message |
| 11/18/09 | 9:11 am | UNAVAILABLE | no message |
| 11/17/09 | 6:44 pm | UNAVAILABLE | no message |
| 11/17/09 | 10:00 am | UNAVAILABLE | no message |
| 11/16/09 | 8:51 pm | UNAVAILABLE | no message |
| 11/16/09 | 9:28 am | UNAVAILABLE | no message |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT B**

December 15, 2009

To Whom It May Concern,

My name in Terri Encinas. Zacharia Matheson is my son. This letter is in reference to a phone call I received in late March of this year (2009) from a man who claimed to be attempting to collect a debt from my son. I am a school teacher and I received the phone call while I was at work. The man on the other end of the phone was very pushy and extremely creepy. He claimed he was trying to reach my son because Zack owed a debt that needed to be paid, yet the man never said who he worked for or who he was representing. I did not like the almost threatening tone of voice the man used and I hung up on him. The man never called me again. I hope this information is useful to you.

Sincerely,

*[signature]*

Terri Encinas